IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CR-15-Z-BR-(6) |
| | § | |
| RICKY DALE LEAVITT | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY

On March 5, 2021, the United States Magistrate Judge issued a Report and Recommendation Concerning Plea of Guilty ("Report and Recommendation") in the above referenced cause. Defendant Ricky Dale Leavitt filed no objections to the Report and Recommendation within the fourteen-day period set forth in 28 U.S.C. § 636(b)(1). The Court independently examined all relevant matters of record in the above referenced cause—including the elements of the offense, Factual Resume, Plea Agreement, and Plea Agreement Supplement—and thereby determined that the Report and Recommendation is correct. Therefore, the Report and Recommendation is hereby ADOPTED by the United States District Court. Accordingly, the Court hereby FINDS that the guilty plea of Defendant Ricky Dale Leavitt was knowingly and voluntarily entered; ACCEPTS the guilty plea of Defendant Ricky Dale Leavitt; and ADJUDGES Defendant Ricky Dale Leavitt guilty of Count Eight of the First Superseding Indictment in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Sentence will be imposed in accordance with the Court's sentencing scheduling order. The Court now refers the issue of mandatory detention pending sentencing to the Honorable Magistrate Judge Gordon R. Bryant.

**BACKGROUND**

The First Superseding Indictment in this case charges thirty-four Defendants with a total of forty-three counts. ECF No. 948. On March 5, 2021, Defendant Leavitt pleaded guilty to Count Eight of that Superseding Indictment, which charges a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), that is Distribution and Possession with Intent to Distribute 50 Grams or More of Methamphetamine. ECF No. 1403. The Honorable Magistrate Judge D. Gordon Bryant recommended that the plea be accepted. ECF No. 1414. Having accepted Magistrate Judge Bryant's recommendation, Leavitt has now been adjudged guilty of the offense Distribution and Possession with Intent to Distribute 50 Grams or More of Methamphetamine.

**ANALYSIS**

Title 18 United States Code, Section 3143(a)(2) mandates detention after a guilty plea if the offense of conviction is among those listed in 18 U.S.C. § 3142(f)(1)(A)-(C). Section 3142(f)(1)(C) requires detention for a defendant adjudged guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951, et seq.), or chapter 705 of title 46.

The offense here, a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii), carries a maximum term of imprisonment of 40 years. Thus, the offense subjects Defendant Leavitt to mandatory detention under Section 3143(a)(2). *See United States v. Wright*, No. 3:16-CR-373-M (30), 2018 WL 1899289, at *6 (N.D. Tex. Apr. 19, 2018).

Section 3143(a)(2) details two exceptions to mandatory detention for defendants awaiting imposition or execution of a sentence. The defendant must be detained unless "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed

on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* Additionally, a person otherwise "subject to detention under Section 3143(a)(2), and who meets the conditions of release set forth in Section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

CONCLUSION

Having found Defendant Leavitt's offense is subject to mandatory detention under 18 U.S.C. § 3143(a)(2), the Court refers this matter to the Honorable Magistrate Judge Gordon R. Bryant to determine whether Section 3143(a)(2)'s or Section 3145(c)'s exceptions are satisfied.

**SO ORDERED,**

March 23, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE